IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JUNE D. SMITH,             )<br>                            )<br>    Plaintiff,        )<br>                            )<br>v.                          )<br>                            )<br>JO ANNE B. BARNHART, Commissioner  )<br>of Social Security,         )<br>                            )<br>    Defendant.       )  | CIVIL ACTION NO. 3:02CV705-W<br>(WO) |

**MEMORANDUM OF OPINION**

Plaintiff June D. Smith brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

**FACTS**

On October 20, 1995, plaintiff filed an application for disability insurance benefits. (R.131). Plaintiff claimed that she was disabled because of a bullet lodged near her heart, severe headaches, dizzy spells, and back and chest pain. (R. 134).[1] On January 22, 1998,

---

[1] A previous application filed on January 10, 1995 was denied initially and, on June 13, 1995, on reconsideration. The denial was not further appealed.

after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing, at which he heard testimony from the plaintiff, her husband, and a vocational expert.  The ALJ subsequently rendered his decision, in which he found that the plaintiff has severe impairments of: (1) a history of an undifferentiated somatoform disorder; and (2) a history of chest pain, headaches, and dizziness.  However, he determined that these impairments did not meet or equal the listings. He further concluded that plaintiff was not disabled, considering her residual functional capacity and the vocational factors relative to her age, education and work experience.  (R. 29-30).  On April 26, 2002, the Appeals Council denied plaintiff's request for review.  (R. i, 3-4).

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed.  The court does not reweigh the evidence or substitute its judgment for that of the Commissioner.  Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo* because no

presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff's primary treating physician was Dr. Jose C. Serrato, Jr., an orthopedic surgeon. Dr. Serrato's treatment records for the period from October 6, 1993 to January 4, 1996 were included in the record and considered by the ALJ. (R. 255-274, 278). Plaintiff's sole allegation of error in this case is that the ALJ erred by failing to obtain additional treatment records from Dr. Serrato for the period following January 4, 1996. (See Plaintiff's brief, Doc. # 22, filed August 17, 2004).

At the administrative hearing, plaintiff's husband testified that plaintiff had been to see the doctor about once a month since February 1996. (R. 79). The ALJ asked plaintiff's attorney[2] if those records were available. The attorney responded, "I can obtain it for you, Your Honor. I thought we had done that but I will certainly try to get the update." (Id.). The ALJ indicated that he would leave the record open to receive the additional treatment records. (Id.). Plaintiff's attorney did not submit additional records in the nearly fourteen

---

[2] Plaintiff was represented at the hearing by David L. Hirsch, not by her counsel of record in this action.

months between the hearing and the ALJ's decision, and the ALJ did not himself obtain additional treatment records from Dr. Serrato. Plaintiff argues that the ALJ's failure to obtain the records himself violated his obligation to develop a full and fair record and, specifically, his regulatory obligation under 20 C.F.R. § 404.1512(e) to re-contact plaintiff's treating physician.

> The Eleventh Circuit has recognized that
>
> [i]t is well-established that the ALJ has a basic duty to develop a full and fair record. 20 C.F.R. 416.912(d)(stating that "[b]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application"); Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. See 20 C.F.R. § 416.912(a)(stating that "[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. 416.912(c)(stating "[y]our responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled").

Ellison v. Barnhart, 355 F.3d 1272 (11th Cir. 2003). In Ellison, the claimant was represented by a non-attorney representative at the administrative hearing. Id. at 1276. After the claimant testified at the hearing that he had been treated at a hospital emergency room after experiencing seizures several times in 1999 and 2000, the ALJ directed the representative to obtain current medical records and lab reports from the hospital. Two months after the hearing, the ALJ sent the representative a letter allowing the representative ten days to submit the records. The records were not submitted to the ALJ and were not included in the record. Id. at 1274. The Eleventh Circuit held that the claimant was not entitled to relief

on his contention that the ALJ failed to adequately develop the medical record because "the record reveal[ed] that the ALJ did attempt to develop the medical record by requesting on two occasions that Ellison furnish him with the 1999 and 2000 medical records, but [the claimant] failed to do so." Id. at 1276.[3]

In the present case, the ALJ stated during the hearing that he would keep the record open to receive the Dr. Serrato's additional treatment records, which the attorney indicated he would obtain for the ALJ. (R. 79). At the conclusion of the hearing, the ALJ reminded plaintiff's attorney that he was leaving the record open to receive the additional records. (R. 96). The ALJ did not subsequently contact plaintiff's attorney regarding the documents. The court nevertheless concludes that the ALJ's basic obligation to fully develop the record was satisfied by his statements during the hearing that he would leave the record open to receive the medical documentation from plaintiff's attorney.[4]   See

---

[3] The court cited 20 C.F.R. 416.916, which states,"[w]hen you fail to cooperate with us in obtaining evidence, we will have to make a decision based on the information available in your case." Id. The provision applicable to Title II cases states, "If you do not give us the medical and other evidence that we need and request, we will have to make a decision based on information available in your case." 20 C.F.R. § 414.1516.

[4] Plaintiff relies on Brown v. Shalala, 44 F.3d 931 (11th Cir. 1995) in support of her argument that the ALJ was required to obtain the records himself. (Doc. # 22, pp. 2-3). However, Brown involved an unrepresented claimant who had not knowingly waived her right to representation. Additionally, the ALJ in Brown had indicated that he would request updated records from the plaintiff's treating physician, but the administrative file did not contain those documents. Brown, 44 F.3d at 934-35. The ALJ has a duty to develop a full and fair record whether or not a claimant is represented. Id. at 934. "When the right to representation has not been waived, however, 'the hearing examiner's obligation to develop a full and fair record rises to a special duty.'" Id. (citation omitted). Brown was decided under this "special duty" standard. The Ellison court cited Brown, but found that the ALJ's obligation to develop the record was satisfied by his requests to the representative for the records and did not require that the ALJ personally obtain those records. Ellison, 355 F.3d at 1276. Ellison, like the present case, involved a

5

Ellison, *supra*, 355 F.3d at 1276; Branum v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004)(recognizing the ALJ's duty to develop the record but noting that "[w]here the claimant was represented by counsel at the hearing before the ALJ, 'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored . . . .'").

As noted above, plaintiff also argues that the ALJ erred by failing to re-contact the plaintiff's treating physician as required by 20 C.F.R. § 404.1512(e). See Plaintiff's Brief, Doc. # 22 at p. 3. The applicable regulation provides, in part, that the Commissioner will seek additional information from a medical source "when the report from [the claimant's] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1512(e)(1). Plaintiff argues that the ALJ's knowledge of the additional treatment by Dr. Serrato triggered an obligation on the part of the ALJ to contact Dr. Serrato for additional information. (Doc. # 22, p. 5).

However, "the harmless error doctrine applies in Social Security disability cases." Hammond v. Barnhart, 124 Fed. Appx. 847, 851 n. 8 (5th Cir. 2005)(citing Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1998). "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" Id. In

---

represented claimant.

6

Fink v. Barnhart, 123 Fed. Appx. 146 (5th Cir. 2005), two claimants argued that the ALJ had violated 20 C.F.R. § 404.1512(e)(1) by failing to recontact their treating physicians. The Fifth Circuit stated that "[b]ecause [the claimants] were afforded the opportunity to supplement their respective records with additional medical reports from their treating physicians, we hold that any procedural errors committed by the Commissioner were harmless and did not affect [the claimants'] substantial rights." Fink, 123 Fed. Appx. at 148.

Assuming, without deciding, that the ALJ committed procedural error by failing to contact Dr. Serrato to obtain additional treatment records, the court concludes that the error did not affect plaintiff's substantial rights because she was given the opportunity to supplement the record with the additional treatment records herself. Therefore, the asserted error was harmless and does not require reversal. See also McCray v. Massanari, 175 F.Supp.2d 1329, 1339 n. 9 (M.D. Ala. 2001)(concluding that the ALJ's granting plaintiff's attorney 30 days to obtain medical records satisfied the ALJ's obligation under § 404.1512(e)).

Further, to demonstrate an entitlement to remand on the basis of the ALJ's asserted failure to comply with 20 C.F.R. § 404.1512(e), the plaintiff must show "unfairness or 'clear prejudice.'" See Johnson v. Massanari, 138 Fed. Appx. 186, 189 (11th Cir. 2005)(citing Brown, supra). In Brown, the Eleventh Circuit presumed "unfair prejudice" where there was an "evidentiary gap involv[ing] recent medical treatment, which the claimant contends supports her allegations of disability." 44 F.3d at 936 n. 9. In the present case, plaintiff did

7

not argue either before the ALJ or before this court that the records missing from the administrative file support her allegations of disability. Rather, she insists that she is entitled to relief solely because of the ALJ's alleged procedural error. As noted above, Brown is clearly distinguishable from the present case because it involved an unrepresented claimant and the ALJ had indicated that he would obtain the missing records. The ALJ's procedural error in failing to obtain records he had promised to obtain was unfair to the unrepresented claimant. In this case, in contrast, the plaintiff was represented by an attorney who agreed to submit the records, and the ALJ gave no indication that he would obtain the missing documentation if the attorney failed to do so. Under these circumstances, plaintiff has suffered no "unfairness or 'clear prejudice'" (Brown, *supra*, 44 F.3d at 935) and, thus, is not entitled to relief on the basis of the asserted procedural error.

## CONCLUSION

Accordingly, upon review of the record as a whole, the court concludes that arguments presented by plaintiff are without merit, and that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

DONE, this 29th day of September, 2005.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE